# EXHIBIT A

Electronically Filed
07/15/2011 11:59:12 AM

CLERK OF THE COURT

ACOMP
AGWARA & ASSOCIATES
LIBORIUS AGWARA, ESQ.
Nevada Bar No. 7576
NAOMI ARIN, ESQ.
Nevada Bar No. 4909
1058 E. Sahara Ave., Suite B
Las Vegas, Nevada 89104
(702) 385 4800 office
agwaralaw@yahoo.com
Attorneys for Plaintiff

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| ABBY RIOS, an Individual, | Case No.: A-11-644185-C |
| Plaintiff, | Dept. No.: I V |
| vs. | |
| WAL-MART STORES, INC., a Delaware corporation; DOES I through V, Inclusive; ROE Corporations VI-X, Inclusive, | |
| Defendants. | **FIRST AMENDED COMPLAINT** |

COMES NOW, ABBY RIOS ("Plaintiff"), an individual, Plaintiff in the above-captioned action, by and through her counsel of record, Liborius Agwara, Esq., and for her First Amended Complaint against Defendants, alleges as follows:

## COMMON ALLEGATIONS

1. That at all times material and pertinent hereto, Plaintiff was and remains a resident of Clark County, State of Nevada.

2. That at all times relevant herein, Defendant WAL-MART STORES, INC ("WAL-MART"), was and remains a Delaware Corporation, registered with the State of Nevada and licensed and doing business in Clark County, State of Nevada.

-1-

3. That the true names and capacities of the Defendants designated herein as DOES or ROE Corporations are presently unknown to Plaintiff; therefore, Plaintiff sues said Defendants by such fictitious names, and when their true names and capacities are ascertained, Plaintiff will seek leave to amend her Complaint to insert same herein; that Plaintiff believes and alleges that the DOES and ROE Defendants are in some manner liable to Plaintiff for her injuries complained of herein.

### FIRST CAUSE OF ACTION
### (NEGLIGENCE against Defendant WAL-MART)

4. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 3 as though fully set forth herein. Plaintiff further alleges:

5. That on or about August 14, 2009, as an invited guest patronizing the WAL-MART on Rainbow and Interstate 215 in Las Vegas, Nevada, Plaintiff attempted to procure a bag of chips from the appropriate display unit. Unbeknownst to Plaintiff, WAL-MART'S employee negligently, carelessly and recklessly failed to clean previously spilled yogurt on the floor; thus, Plaintiff stepped on the spilled yogurt and slipped, causing her to lose her balance and fall upon her head and back.

6. That WAL-MART owed a duty of care to Plaintiff, as well as other business invitees of its retail business, to insure the floors of their business can be traversed without injury and promptly clean up spilled merchandise or give warning of same; that WAL-MART breached their duty when they failed to take measures to maintain a safe environment; that WAL-MART'S negligence was the direct and proximate cause of Plaintiff's injuries.

7. That Plaintiff has, as a result of her injuries, experienced pain and suffering and incurred medical expenses in excess of $10,000, to be proved at trial.

8. That Plaintiff is entitled to a judgment in her favor against WAL-MART for WAL-MART'S negligence in an amount in excess of $10,000 for medical costs, pain and suffering.

9. That Plaintiff has been required to retain the services of an attorney for the prosecution of this matter, and therefore, is entitled to her reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

10. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 9 as though fully set forth herein. Plaintiff further alleges:

11. That at the time of WAL-MARTS' negligent and injury-producing conduct, Defendant WAL-MART knew or should have known that its employee's conduct was likely to cause severe injury and emotional distress.

12. That as a result of her physical injuries caused by Defendant WAL-MART'S negligence as set fourth herein, Plaintiff has suffered severe emotional trauma, distress and anxiety, and is entitled to judgment for compensatory damages in an amount in excess of $10,000.

13. That Plaintiff has been required to retain the services of an attorney for the prosecution of this matter, and therefore, is entitled to her reasonable attorney's fees.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on her first and second causes of action as follows:

    A. For compensatory damages in an amount in excess of $10,000.00;

    B. For the cost of Plaintiff's past medical treatment in an amount to be proven at trial; but alleged to be in excess of $10,000.

C. For the cost of any and all related future medical treatment in an amount to be proven in Court, but in excess of $10,000.00;

D. For reasonable attorney's fees and costs of suit; and

E. For such other and additional relief as the court may deem just and proper.

DATED this 15th day of July 2011.

/s/ Liborius Agwara, Esq.
LIBORIUS AGWARA, ESQ.
Nevada Bar No.: 7576
NAOMI ARIN, ESQ.
Nevada Bar No. 4909
1058 E. Sahara Avenue, Suite B
Las Vegas, NV 89104
Attorneys for Plaintiff

-4-