UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABBY RIOS, | |
|     Plaintiff, | Case No. 11-CV-01592-KJD-CWH |
| v. | **ORDER** |
| WAL-MART STORES, INC., *et al.*, | |
|     Defendants. | |

    Presently before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (#23). Plaintiff Abby Rios filed a response in opposition (#28) to which Defendant replied (#32).

I. Facts

    Defendant Wal-Mart Stores, Inc. ("Walmart") is the owner of a Walmart store located in Las Vegas, Nevada. On August 14, 2009, Plaintiff Abby Rios was walking through the soda and chips aisle at Walmart when she slipped on some spilled yogurt. As a result of her slip, Rios fell and sustained injuries. Rios asserts that her fall and the resulting injuries were caused by the negligence of Walmart. Rios filed her complaint against Walmart and Walmart now moves for summary judgment.

II. Analysis

      A. Legal Standard for Summary Judgment

Summary judgment shall be granted if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party must produce specific facts, by affidavit or other evidentiary materials similar to those described in Rule 56(c), to show that there is a genuine dispute for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

      B. Defendant's Motion for Summary Judgment on Plaintiff's Negligence Theory

In Nevada, to prevail on a negligence claim, the plaintiff must establish four essential elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached its duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered damage. Perez v. Las Vegas Med. Ctr., 805 P.2d 589, 590-91 (Nev. 1991). For the defendant to

prevail on a motion for summary judgment, it must negate at least one of the elements of negligence. Id. at 591.

Here, the parties dispute whether Walmart breached its duty of care to Rios. Generally, the duty owed by a business to its patrons is "to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). That duty can be breached if the business owner or one of its agents causes a foreign substance to be spilled on the floor, or if it has actual or constructive notice that a substance is on the floor and fails to remedy the problem. Id. at 322-23.

Rios has not offered evidence to suggest that Walmart caused the spill, and she does not claim that Walmart had actual notice of the spill. Accordingly, Rios is required to provide evidence that shows Walmart had constructive notice of the spill. Whether Walmart had constructive notice of the hazardous condition caused by the spill is a question of fact typically reserved for a jury. See Id. at 323.

Walmart has shown that less than five minutes prior to Rios's fall, one of its employees, Timothy Wagner, performed a routine safety sweep of the area. In his sworn affidavit, Wagner states that he performed safety sweeps "once every hour when the safety sweep was announced over the store . . . public address system." Wagner explains that the safety sweep was normally performed by passing through the aisles with a large dust mop, and that if it was not possible to pass through an aisle with the dust mop, Wagner would visually inspect the aisle for any potential safety hazards. Wagner states that on August 14, 2009, "I determined that I could not enter the soda and chips aisle with my dust mop because there were too many customers in the aisle. I visually inspected the soda and chips aisle and did not see any potential safety hazards."

In response, Rios has provided video surveillance footage of the aisle in which she slipped and fell that suggests that an adequate visual inspection would have been impossible. The video shows that at the time Wagner approached with his dust mop, a large group of patrons was standing at the entrance of the aisle. Rios asserts that this group not only prevented Wagner from entering with

his dust mop, but that it also prevented him from adequately conducting his safety check because his view of the spill area was blocked.

The evidence of constructive notice provided by Rios is not strong, but it is enough to establish a genuine dispute for trial. Viewing the evidence presented in the light most favorable to Rios, a reasonable jury could find that Walmart failed to adequately keep the premises in a reasonably safe condition for use, and that Mr. Rios was injured as a result. Accordingly, Defendant's motion for summary judgment is denied.

III. Conclusion

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#23) is **DENIED**.

DATED this 5th day of October 2012.

_____
Kent J. Dawson
United States District Judge