1
2
3
4                        UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6                                     * * *

7   ABBY RIOS,                          )
                                        )
8              Plaintiff,               )        2:11-cv-1592-KJD-CWH
                                        )
9   vs.                                 )        ORDER
                                        )
10  WAL-MART STORES, INC., *et al.*,    )
                                        )
11             Defendants.              )
    _____    )
12

13          This matter came is before the Court on Defendant's Motion for Reasonable Expenses,

14  Including Attorney's Fees (#35), filed June 29, 2012; Plaintiff's Response (#36), filed July 16,

    2012; and Defendant's Reply (#37), filed July 26, 2012.  This matter was removed on September
15
    30, 2011.  (#1).  It is a premises liability case.
16

17                              **BACKGROUND**

18          On April 19, 2012, Defendant Walmart ("Walmart") filed an emergency motion (#22),

19  wherein it sought a litany of sanctions up to and including disqualification or dismissal for the

20  alleged misconduct of Plaintiff's counsel.[1]  Plaintiff response was equally accusatory and

    included a countermotion (#25) seeking sanctions, including disqualification of defense
21
    counsel's firm.  The accusations levied by both sides were serious.
22
            On June 19, 2012, the undersigned heard oral arguments on Walmart's motion (#22).
23
    During the course of the hearing, Plaintiff's counsel indicated his belief that these motions were
24

25  _____

26          [1]  Walmart's motion (#22) was premised entirely on its position that "severe" sanctions were
    warranted due to Plaintiff's counsel's violation of multiple rules of professional conduct.  Believing only the
    "most severe sanction" would send the message it sought to send, Walmart sought the following sanctions:
27  (1) dismissal of the action, (2) disqualification of Plaintiff's counsel, (3) prohibition on the use of
    information obtained through *ex parte* communication, (4) disclosure of all information obtained through
28  the *ex parte* communication, including work product, and (5) monetary sanctions "sufficient to discourage
    ... future Rule violations."  In support of its request for "severe" sanctions, Walmart cited exclusively to this
    Court's Local Rules addressing the conduct of counsel, Nevada's Rules of Professional Conduct, and cases
    analyzing these rules.

1   "highly unnecessary."  *See* Tr. of Proceedings (#34) at 27:19.  Walmart's counsel stated that if no

2   other sanction other than a "fair deposition" were ordered, Walmart would be "completely

3   content."  *Id*. at 29:17-19.  Ultimately, the Court concluded that (1) Walmart could step in to

4   represent its former employee and (2) neither party submitted sufficient evidence to support a

5   finding of ethical misconduct.  *Id*. at 32:21 - 33:23.  The Court held that the deposition should go

6   forward and that Plaintiff's counsel "may not . . . refer in any way to prior interviews" between

7   his office and the deponent.  *Id*. at 30:17 - 32:20.  Consequently, Plaintiff's motion (#25) was

8   denied.  However, because Walmart proposed the adopted resolution during the meet and confer

9   process, its motion (#22) was granted in part and denied in part.  Walmart was invited to brief the

10   issue of attorney fees, including under what authority the fees were requested.

11          On June 29, 2012, Walmart filed its motion for fees (#35) arguing it is entitled to fees

12   pursuant to 28 U.S.C. § 1927 because: (1) Plaintiff's counsel failed "to take 'reasonable remedial

13   action' in violation of Nevada Rule of Professional Conduct 5.3" (*see* Def.'s Mot. (#35) at 2:18-

14   21); (2) Plaintiff raised a frivolous argument in support of the motion to disqualify; (3) Plaintiff

15   failed to cite sufficient authority for relief; and (4) Plaintiff's counsel failed to make a reasonable

16   inquiry into the allegations against Walmart's counsel.  Walmart also argues that the Court

17   should exercise its inherent power to award fees because Plaintiff's countermotion was filed in

18   bad faith.  Lastly, Walmart argues that its motion is "properly characterized as a motion for

19   protective order" and, because it was granted, an award of fees is appropriate under Rule

20   37(a)(5)(A).  Walmart also claims that Plaintiff's countermotion to disqualify (#25) was really a

21   motion to compel so it should be awarded its fees under Rule 37(a)(5)(B).

22          Plaintiff's counsel responds that sanctions are not appropriate under section 1927 because

23   his argument in support of the countermotion to disqualify (#25) was substantially justified.

24   Plaintiff's counsel further argues that Walmart's attempt to cast its motion as a one for a

25   protective order is disingenuous because Walmart did not refer to or brief the issues under Rule

26   26(c).  Counsel argues further that, even if Walmart's motion is construed as a motion for

27   protective order, it was granted in part and denied in part so an award of fees, if any, should be

28   apportioned under Rule 37(a)(5)(C).  In reply, Walmart reiterates its prior arguments.

**<u>DISCUSSION</u>**

Because both Walmart's motion (#22) and Plaintiff's countermotion (#25) sought disqualification, the Court reviewed both with particularly strict judicial scrutiny. *See Optyl Eyewear Fashion Int'l Corp. v. Sytle Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (citations omitted) (particularly strict judicial scrutiny should be given to a motion to disqualify opposing counsel because there is a significant possibility of abuse for tactical advantage). The Court concluded that there was insufficient information to conclude that either Walmart's or Plaintiff counsel had committed an ethical violation. Consequently, Plaintiff's countermotion to disqualify (#25) was denied. However, the Court did impose the remedy proposed by Walmart's counsel during the personal consultation. Thus, even though the majority of its motion (#22) was denied, Walmart was granted some relief. Upon request, Walmart's counsel was granted the opportunity to brief the issue of whether attorney fees were appropriate and, if so, under what authority. Citing 28 U.S.C. § 1927, the Court's inherent authority, Rule26(c), and Rule 37(a), Walmart filed this motion (#35) claiming it is entitled to fees.

**1. Rule 26(c)**

Acknowledging that it did not cite or brief Rule 26(c) in its motion, Walmart, nevertheless, asserts that its motion (#22) should be construed as a motion for protective order because the relief ordered by the Court is typical of relief that would be granted under Rule 26(c). The argument is not well taken. First, Walmart did not file points and authorities for relief under Rule 26(c). The Local Rules require that a motion be supported by points and authorities and the failure to do so is consent to denial of the motion. *See* LR 7-2(a) and (d). The Court will not permit Walmart to characterize the motion as one proceeding under a rule that it did not cite or analyze in its original motion. The Court also rejects Walmart's attempt to carve out the granted relief from the entirety of the requested relief in its effort to obtain fees. In its motion (#22), Walmart requested, among other things, dismissal, disqualification, and unenumerated monetary sanctions designed to punish Plaintiff's counsel for perceived ethical misconduct. Walmart has not submitted any compelling authority that supports its carve out proposition.

Moreover, Walmart's contention that its motion (#22) was granted in its entirety is not

1   factually accurate.  The vast majority of the relief Walmart requested was denied.  Thus, even

2   construing Walmart's motion (#22) as one for relief under Rule 26(c), Walmart is still not

3   entitled to fees under Rule 37.  *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part

4   and denied in part, the court may issue any protective order authorized under Rule 26(c) and may,

5   after giving an opportunity to be heard, apportion the reasonable expenses of the motion.").  The

6   Court will not apportion fees.

7   **2.  Rule 37(a)(5)(B)**

8   　　Walmart also asserts that Plaintiff's countermotion (#25) is properly construed as a

9   motion to compel discovery and, therefore, an award of fees is appropriate under Rule

10  37(a)(5)(B) because the countermotion was denied.  The Court rejects this characterization as

11  well.  Plaintiff's countermotion (#25) was a motion to disqualify, nothing more.  Plaintiff did not

12  seek an order compelling disclosure of statements.  Plaintiff sought, as part of the larger request

13  for disqualification, that the subject statements be discoverable not that the statements be

14  disclosed.  Because the Court construes Plaintiff's countermotion (#25) as one for

15  disqualification, the request for fees under Rule 37(a)(5)(B) is denied.

16  **3.  Inherent Authority**

17  　　Walmart next argues that the Court should exercise its inherent power to award fees

18  because Plaintiff's motion was filed in bad faith.  The Court has the inherent power to levy

19  sanctions for abusive litigation tactics.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66

20  (1980).  The court's inherent authority to issue sanctions was reiterated in *Chambers v. NASCO,*

21  *Inc.*, 501 U.S. 32 (1991) and extends "to a full range of litigation abuses." *Fink v. Gomez*, 239

22  F.3d 989, 992 (9th Cir. 2001) (quoting *Chambers*, 501 U.S. at 46-47).  Nevertheless, "[b]ecause

23  of their very potency, inherent powers must be exercised with restraint and discretion."

24  *Chambers*, 501 U.S. at 44.  "When there is bad-faith conduct in the course of litigation that could

25  be adequately sanctioned under the [Federal] Rules, the court ordinarily should rely on the Rules

26  rather than the inherent power." *Id*. at 50.  Imposition of sanctions using the court's inherent

27  powers must "be preceded by a finding of bad faith, or conduct tantamount to bad faith." *Gomez*

28  *v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (citing *Fink*, 239 F.3d at 993).

- 4 -

1    The Court has reviewed the briefing and record in this matter and concludes that

2    exercising its inherent authority to impose sanction is not appropriate.  Though denied, the Court

3    finds that Plaintiff's countermotion (#25) was not filed in bad faith and was not frivolous,

4    reckless, intended to harass, or advanced for an improper purpose.  Walmart's continued

5    insistence that Plaintiff violated Nevada Rule of Professional Conduct 5.3 by not agreeing to the

6    "reasonable remedial action" proposed by Walmart thereby "forcing Walmart to file its motion

7    for sanctions" is untrue.  There has never been a finding that Plaintiff violated the Rules of

8    Professional Conduct and any suggestion or argument otherwise is not predicated on anything

9    that has occurred within the context of this litigation.

10   **4. Section 1927**

11   Lastly, Walmart requests that the Court impose fees under 28 U.S.C. § 1927.  Section

12   1927 provides that "[a]ny attorney . . . who so multiplies proceedings in any case unreasonably

13   and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

14   attorneys' fees reasonably incurred because of such conduct."  *Id*.  Before imposing sanctions

15   under section 1927, there must be a finding of subjective bad faith, not simply unreasonable

16   behavior.  *Cf. Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183, 184 (9th Cir. 1996).  "Bad

17   faith is present when an attorney recklessly raises a frivolous argument, or argues a meritorious

18   claim for the purpose of harassing an opponent."  *In re Keegan Managment Co.*, 78 F.3d 431,

19   436 (9th Cir. 1996); *see also Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (recklessness

20   suffices for section 1927).  District courts have wide discretion in determining whether sanctions

21   are appropriate under section 1927.  *See cf. Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995).

22   Walmart argues that because the parties had already stipulated to conduct the

23   deposition of the identified witness outside of discovery, there was no basis for Plaintiff's claim

24   that Walmart attempted to obstruct Plaintiff's access to evidence.  Plaintiff's obstruction

25   argument was a single argument among several in its countermotion to disqualify (#25).  Once

26   again, Walmart is attempting to carve out a small piece of a much larger motion to serve its own

27   purposes.  As with other attempts, Walmart has not provided any compelling support for the

28   request.  The Court also disagrees with Walmart's claim that Plaintiff's counsel failed to cite to

1  "sufficient judicial decisions" in support of the countermotion (#25).  Plaintiff did cite to

2  adequate authority, that authority simply was not found to be compelling.  Lastly, the Court

3  disagrees that Plaintiff filed the countermotion (#25) without making a reasonable inquiry into

4  the relevant facts.  When looking at the entirety of the briefing, the Court finds that sanctions

5  under section 1927 are not warranted.

6          Based on the foregoing and good cause appearing therefore,

7          **IT IS HEREBY ORDERED** that Defendant's Motion for Reasonable Expenses,

8  Including Attorney's Fees (#35) is **denied**.

9          DATED this 13th day of February, 2013.

10

11  _____
    C.W. Hoffman, Jr.

12  United States Magistrate Judge