1
2
3
4
5              **UNITED STATES DISTRICT COURT**
6                    **DISTRICT OF NEVADA**
7
8   ABBY RIOS,                          )
                                        )
9               Plaintiff,              )    Case No. 2:11-cv-01592-APG-GWF
                                        )
10  vs.                                 )    **ORDER**
                                        )
11  WAL-MART STORES, INC.,              )
                                        )
12              Defendant.              )
    _____)
13
14          This matter is before the Court on Plaintiff's Emergency Motion to Reopen Discovery and

15  Extend Trial Date (#88), filed on January 29, 2014.  Defendant filed its Response to Plaintiff's

16  Motion (#93) on February 8, 2014.  Plaintiff filed her Reply (#100) on February 18, 2014.[1]

17  Plaintiff also filed a Motion to Reconsider Future Damages and any Limitations of Treating

18  Physicians' Testimony at Trial (#83) on January 24, 2014.  The court addresses that motion herein

19  as it relates to Plaintiff's motion to reopen discovery.

20                           **BACKGROUND**

21          Plaintiff Abby Rios alleges that on August 14, 2009 she slipped on spilled yogurt in

22  Defendant's Wal-Mart store which caused her to fall and injure her back.   Plaintiff filed suit

23  against Wal-Mart in the District Court, Clark County, Nevada on July 15, 2011.  Defendant

24  removed the action to this court on September 30, 2011.  On November 14, 2011, the Court entered

25  _____

26          [1] On January 30, 2014, one day after Plaintiff's Emergency Motion was filed, the district judge
    entered a minute order vacating the trial date pending the magistrate judge's decision on Plaintiff's motion

27  to reopen discovery.  The court stated that a new trial date and calender call will be set after the magistrate
    judge rules on that motion. *Minute Order (#89).*  On February 19, 2014, Judge Hoffman, the assigned

28  magistrate judge, recused himself from hearing any further matters in this case and it was reassigned to the
    undersigned.

1   a scheduling order which set a discovery cut-off date of March 28, 2012.  *Scheduling Order (#10)*.

2   Plaintiff served her initial disclosures pursuant to Fed.R.Civ.Pro. 26(a) on November 18, 2011.

3   Plaintiff's Initial Disclosures included a computation of past damages for medical expenses in the

4   amount of $149,740.00.  *See Defendant's Motion in Limine (#60), Exhibit A, Plaintiff's Initial*

5   *Disclosures Pursuant to FRCP 26(a)*.  The computation did not include any estimate of future

6   medical expenses or other future special damages.  *Id.*  On April 11, 2012, the Court approved the

7   parties' stipulation to conduct certain depositions outside the close of discovery.  This included the

8   depositions of Dr. Grover, Dr. Ghuman, Dr. Johnson, an FRCP 30(b)(6) deposition of Nevada

9   Spine Clinic, and Defendant's employees.  *Order (#21)*.

10      On April 27, 2012, Wal-Mart filed a motion for summary judgment asserting that there was

11   no evidence that it had actual or constructive notice of the yogurt spill prior to Plaintiff's accident

12   and was therefore not liable for the accident.  *Motion for Summary Judgment (#23)*.  The district

13   judge denied Defendant's motion on October 5, 2012, noting that "[t]he evidence of constructive

14   notice provided by Rios is not strong, but it is enough to establish a genuine dispute for trial."

15   *Order (#38), pg. 4.*

16      The parties did not file the joint pretrial order within 30 days after the decision on the

17   motion for summary judgment as required by the scheduling order.  Pursuant to Local Rule (LR)

18   16-3(c), counsel for the plaintiff is responsible for initiating the preparation of the joint pretrial

19   order.  On April 3, 2013, the district judge ordered that the joint pretrial order be filed within 30

20   days.  *Minute Order (#40)*.  The parties filed a proposed joint pretrial order on May 23, 2013.  They

21   subsequently filed a proposed amended joint pretrial order on June 20, 2013 which the court

22   approved on July 5, 2013.  *See Docket Nos. 42, 48, and 52.*  The court scheduled jury trial for

23   October 21, 2013.  *Amended Pretrial Order (#52)*.

24      In advance of the October 21, 2013 trial date, Defendant filed a Motion in Limine to

25   Exclude from Trial any Evidence Pertaining to Damages Not Timely Disclosed Per FRCP

26   . . .

27   . . .

28   . . .

26(a)(1)(A)(iii) (#60).[2]  The motion sought to preclude Plaintiff from presenting testimony regarding the cost of future lumber spine surgery that she will allegedly need at some point in her lifetime as a result of her accident injuries.  The motion was prompted by Plaintiff's counsel's statement during a settlement conference on September 9, 2013 that Ms. Rios intended to pursue recovery for the cost of future lumbar spine surgery based on Dr. Jaswinder Grover's December 15, 2011 letter to Plaintiff's counsel.

Dr. Grover's December 15, 2011 letter summarized Plaintiff's alleged back injury resulting from the accident in August 2009.  He stated that Plaintiff suffered a disc herniation at L5-S1 which was initially treated with physical therapy and injections.[3]  The Plaintiff thereafter underwent lumbar surgery in March 2011.  Dr. Grover reported that:

> Since surgery, she has appreciated significant improvement in her radiculopathy and her back pain but still suffers from residual symptomatology.  Subsequent MRI imaging of the lumbar spine has

---

[2] On October 1, 2013, Plaintiff moved to continue the trial until February 2014 on the grounds that the attorney handling the case had taken a position with another law firm.  Plaintiff's counsel, Mr. Agwara, was out of the country until October 19, 2013 and would need additional time to review the case and prepare it for trial.  *Motion to Continue Trial (#63)*.  The court granted the motion for continuance the following day, and rescheduled trial for February 5, 2014.  *Minute Order (#64)*.

[3] Plaintiff had pre-existing degenerative conditions of the lumbar spine.  A July 2, 2007 radiology report regarding an MRI of Ms. Rios' lumbar spine stated as follows:

> There is dessication of all the lumbar intervertebral discs, including multiple inferior thoracic vertebral discs most prominently noted at L5-S1.  Disc height is maintained in the lumbar spine.

> At the L4-5 level there is a left posterolateral disc bulge extending 1 mm into the left posterolateral recess.

> At the L5-S1 level there is a central posterior annular tear with central disc protrusion extending 2mm into the central spinal canal.  The conus medullaris is normal in position, configuration and signal intensity.  No abnormal central canal masses are identified.  There is mild bilateral neural foraminal narrowing at L5-S1 secondary to posterolateral disc bulge, posterior facet joint hypertrophy and ligamentum flavum hypertrophy.

*See Defendant's Motion for Spoliation Sanctions (#79), Exhibit A.*

1    demonstrated some residual and/or recurrent disc herniation at L5-S1
     and some premature degeneration of the L5-S1 disc facet zone.
2    . . .

3    Given her relative youth and given my review of the imaging studies and the
     pathology at the L5-S1 level whereby she has already demonstrated
4    premature degeneration at that level, I believe that within a reasonable
     degree of medical probability that at some point over the course of her
5    lifetime she will succumb to further surgical care and treatment, in all
     likelihood, in the form of an interbody fusion and stabilization at the L5-S1
6    level.

7    *Plaintiff's Response to Defendant's Motion in Limine (#71), Exhibit 3.*

8        Dr. Grover estimated that the cost of such surgery, including surgeon fees, anesthesia fees,

9    hospitalization, surgery center and equipment fees, and post-operative physical therapy and

10   rehabilitation, would be $171,500.00.  *Id.*

11       Defendant's counsel had previously deposed Ms. Rios on December 6, 2011.  Ms. Rios was

12   asked if Dr. Grover had told her she would need any further treatment.  Ms. Rios testified that Dr.

13   Grover told her that she would probably need another surgery in the future to replace her disc, but

14   he did not state when such surgery would be needed.  *Plaintiff's Response to Defendant's Motion in*

15   *Limine (#71), Exhibit 1, Plaintiff's Deposition, pg. 132.*

16       Plaintiff's counsel did not directly provide a copy of Dr. Grover's December 15, 2011 letter

17   to Defendant's counsel.  Nor did Plaintiff's counsel supplement Plaintiff's Rule 26(a) Disclosure to

18   include the cost of future surgery in Plaintiff's computation of damages.  On or about December 9,

19   2011, however, Defendant served a subpoena on the custodian of records of Dr. Grover's clinic,

20   Nevada Spine Clinic, and reportedly received a copy of Dr. Grover's December 15, 2011 letter in

21   the records produced pursuant to the subpoena.  Defendant subsequently deposed Dr. Grover on

22   April 20, 2012.  *Plaintiff's Response to Defendant's Motion in Limine (#71), Exhibits 2 and 4.*  It is

23   not clear whether Dr. Grover was questioned during his deposition about his December 15, 2011

24   letter or Plaintiff's alleged need for future surgery.

25       Defendant's counsel represented to the court that given the speculative or uncertain nature

26   of Dr. Grover's opinion regarding the need for future surgery, and the fact that Plaintiff did not

27   supplement her computation of damages to include the cost of future surgery, Defendant reasonably

28   concluded that Plaintiff was not claiming it as an element of her damages until Plaintiff asserted it

during the September 2013 settlement conference.

On December 11, 2013, Magistrate Judge Hoffman conducted a hearing on Defendant's motion in limine. During the hearing, Plaintiff's counsel informed the court of the following additional information relating to Plaintiff's physical and medical condition:

> Also, Your Honor, we just learned yesterday that our client had to go back to Nevada Spine. She had a baby in July. And that put quite a bit of pressure evidently on her back. And she's having numbness in her legs.
>
> She was seen yesterday. They're going to do an MRI. And she's going to be seen on the 19th again. And after you have the baby, you pick up the baby. I informed counsel yesterday orally. I haven't had a chance to write that up yet.
>
> So there's also that issue out there, the worsening of the condition. It may be that it's part of the back that has absolutely nothing to do with this accident. But until the diagnostics are reviewed on the 19th, we really don't know.

*December 11, 2013 Motion Hearing, pg. 10.*

Other than acknowledging the receipt of this additional information, Judge Hoffman did not make any comment about it or make any specific ruling concerning it. *Id.* Pursuant to Fed.R.Civ.Pro. 37(c), Judge Hoffman granted Defendant's motion in limine on the grounds that Plaintiff had failed to include a claim for the cost of future surgery in a timely Rule 26(a)(1)(iii) computation of damages. The court therefore barred Plaintiff from introducing evidence regarding the cost of future surgery at trial. *See Transcript of Proceedings (#81), December 11, 2013 Motion Hearing, pgs. 17-18.*

Plaintiff's counsel subsequently sent a letter to Defendant's counsel on December 16, 2013, stating that "Ms. Rios' condition has worsened and or exacerbated presumably due to her recent pregnancy and child birth." Plaintiff's counsel offered to provide new medical authorizations and lists of providers so that Defendant could obtain updated medical records. *Plaintiff's Emergency Motion to Reopen Discovery (#88), Exhibit 1.*

In support of her motion to reopen discovery, Plaintiff has submitted additional medical records from Nevada Spine Clinic and Dr. Grover, dated December 10, 2013, December 19, 2013 and January 23, 2014. *Id, Exhibit 1.* The December 10, 2013 report, prepared by a physician

assistant ("PA"), stated that Ms. Rios was seen that day for re-evaluation of her condition.  Ms.

Rios reported that she had recently given birth and had "ongoing and progressive back pain with

radiating pain into her left gluteal region, left lower extremity at this time."  Plaintiff was noted to

have significant discomfort about the paralumbar region along the S1 joint on the left.  X-rays

reportedly revealed retrolisthesis L4-L5 with significant narrowing at L5-S1.  The PA reported that

Plaintiff's symptoms were "significantly worsening" on the left and recommended that an updated

MRI of the lumbar spine be obtained.

Ms. Rios was subsequently examined by Dr. Grover on December 19, 2013.  He noted that

the MRI scan of the lumbar spine revealed post-surgical changes and what appeared to be a

potentially significant symptomatic annular tear at L5-S1 and some progression of disc bulge,

protrusion at L4-L5.  Dr. Grover recommended a course of epidural injections, as well as physical

therapy.  Dr. Grover again saw the Plaintiff on January 23, 2014 and set forth a somewhat more

detailed history of Plaintiff's increased low back and lower extremity symptoms during her

pregnancy and after the birth of her child six months earlier.

Dr. Grover stated:

> She has been trying to manage her symptoms, performing at this time
> physical therapy for manual and physical stabilization.  I have
> encouraged her to continue with such course of treatment, although I
> have discussed with her and her husband today, as on previous
> occasion, the possibility of more definitive surgical reconstructive
> surgery in the form of an interbody fusion stabilization at the L5-S1
> level, possibly to include the L4-5 level.  We would consider
> discography CT scan of the lumbar spine if necessary, although at
> this point I have encouraged further conservative measures in the
> hope that she can return to a level of comfort or discomfort that is
> tolerable to her.  She is quite young and I have encouraged her to try
> to remain as active as reasonably possible.  I have also given her the
> opportunity to consider an epidural steroid injection.  The patient will
> be re-evaluated to assess her progress over the next four to six weeks.

*Plaintiff's Emergency Motion (#88), Exhibit 1, Dr. Grover's 1/23/2014 Report.*

Plaintiff requests that the Court re-open discovery to permit the parties to determine

whether the changes in Plaintiff's lumbar spine and the increase in her symptoms during pregnancy

and since the birth of her child are attributable to the back injury she sustained in the August 2009

accident.  Defendant vehemently opposes the motion, arguing that Plaintiff's motion is consistent

1   with her former counsel's previous pattern of delay and failure to comply with the discovery rules

2   and the scheduling order.

3   **DISCUSSION**

4          Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a scheduling order may be

5   modified only for good cause and with the judge's consent.  Local Rule (LR) 6-1(b) states that a

6   request for extension made after the expiration of the specified period shall not be granted unless

7   the moving party, attorney, or other person demonstrates that the failure to act was the result of

8   excusable neglect.  A request to reopen discovery falls within the ambit of the good cause

9   requirements of Rule 16(b)(4) and LR 6-1(b).  *Abila v. United States*, 2013 WL 486973, *4

10  (D.Nev. 2013).

11         The meaning of "good cause" under Fed.R.Civ.Pro. 16(b) was further defined by the Ninth

12  Circuit in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) as follows:

13                 Fed.R.Civ.P. 16(b)'s "good cause" standard primarily considers the
                   diligence of the party seeking the amendment.  The district court may
14                 modify the pretrial schedule "if it cannot reasonably be met despite
                   the diligence of the party seeking the extension."  Fed.R.Civ.P. 16
15                 advisory committee's notes (1983 amendment); . . .  Moreover,
                   carelessness is not compatible with a finding of diligence and offers
16                 no reason for a grant of relief. . . .  Although the existence or degree
                   of prejudice to the party opposing the modification might supply
17                 additional reasons to deny a motion, the focus of the inquiry is upon
                   the moving party's reasons for seeking modification.  (Internal
18                 citations omitted).

19         Before directly addressing Plaintiff's motion to reopen discovery, the court addresses

20  Plaintiff's separate motion for reconsideration of Magistrate Hoffman's December 11, 2013 order

21  which barred the Plaintiff from introducing evidence regarding Plaintiff's alleged need for future

22  surgery.  Plaintiff argues that Judge Hoffman's order is interlocutory and therefore may be revoked

23  or modified by the court prior to trial or final judgment.

24         "A district court has 'inherent jurisdiction to modify, alter, or revoke' a non-final order."

25  *Barnard v. Las Vegas Metropolitan Police Dept.*, 2010 WL 1815410, *1 (D.Nev. 2010), quoting

26  *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  The court, however, may not revoke

27  or modify an interlocutory order simply because the judge changes his or her mind or because a

28  different judge is assigned to the case and views the matter differently than did the first judge.

7

Under the law of the case doctrine, the court may revoke or modify its prior interlocutory order only if (1) it was clearly erroneous, (2) an intervening change of law has occurred, (3) evidence is substantially different on remand, (4) other changed circumstances exist, or (5) manifest injustice would otherwise result. *Id.*, citing *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). *Barnard* notes that a district court abuses its discretion if it alters its prior order absent one or more of the foregoing considerations.

There is no basis for the court to revoke or modify Judge Hoffman's order on the grounds that it was clearly erroneous. As Judge Hoffman found, Plaintiff did not include a claim for future medical expenses based on Dr. Grover's December 15, 2011 letter in a timely served supplement to her Rule 26(a)(1)(A)(iii) computation of damages. Plaintiff also failed to demonstrate excusable neglect for failing to serve such a supplement. At the time Judge Hoffman granted Defendant's motion, the scheduled February 5, 2014 trial was less than two months away. Defendant would have been unfairly prejudiced if Plaintiff had been permitted to introduce this belated claim for future medical expenses.

The issue presently before the court, however, is whether good cause exists to reopen discovery based on developments in Plaintiff's physical and medical condition that occurred after the close of discovery. Although Plaintiff's counsel informed Judge Hoffman of Ms. Rios's deteriorated low back condition during the December 11, 2013 hearing, there was no medical evidence before the court on that date demonstrating that her condition had, in fact, worsened, or that she was in *present* need of further medical treatment. As stated previously, Judge Hoffman did not comment on this information in ruling on the motion in limine. The undersigned views Judge Hoffman's decision as limited to the issue of whether Dr. Grover's December 15, 2011 opinion that Plaintiff would need fusion surgery at some point in her lifetime was admissible.

Following the December 11, 2013 hearing, Plaintiff submitted to the court and Defendant's counsel Dr. Grover's reports concerning his recent evaluation of Plaintiff's low back condition and his treatment recommendations. The district judge vacated the February 5, 2014 trial date pending a ruling on Plaintiff's motion to reopen discovery. These matters arguably constitute new evidence or changed circumstances with respect to the admissibility of additional evidence regarding

Plaintiff's low back condition and the reopening of discovery with respect thereto.

In *Barnard v. Las Vegas Metropolitan Police Dept.*, the court, in denying the plaintiff's motion to reopen discovery, stated that "[m]ore information regarding ongoing medical conditions can always be gained by conducting more and more discovery as time goes on, but at some point the trial must be held." 2010 WL 1815410, at *2. On the other hand, where there has been a material change or development in the plaintiff's medical condition or treatment after discovery has ended, the reopening of discovery on that basis may be justified. *See Abila v. United States*, 2013 WL 486973 (D.Nev. 2013). Among the facts that should be considered is whether plaintiff has acted diligently in notifying the defendant and the court of the alleged change or development in plaintiff's condition and in moving to reopen discovery.

Trial was not set in this case until approximately a year and a half after discovery closed. That time span was due in part to a five month period between the filing of Defendant's motion for summary judgment and the decision thereon. There was, however, an additional and unnecessary period of delay between denial of Defendant's motion for summary judgment and the filing of the joint pretrial order. Given such a passage of time between the close of discovery and the trial date, it is not surprising that a material change or development in the Plaintiff's physical or medical condition might occur in the interim.

The court recognizes that Ms. Rios's appointment with Dr. Grover's clinic one day before the December 11, 2013 hearing, was probably not purely coincidental. However, Ms. Rios did become pregnant in late 2012 and gave birth to a child in July 2013, well after discovery closed in this case. The physical stress of pregnancy and childbirth may have caused further degeneration or damage to Plaintiff's lumbar spine, resulting in increased low back pain and other symptoms. The point in time at which Ms. Rios's increased low back symptoms became so severe or chronic that she should have sought further evaluation and treatment, and Defendant should have been notified of this change in her condition, is not readily determinable from the medical records provided to the court. That Plaintiff did not seek medical care for her back condition until approximately five

. . .

. . .

9

1    months after the birth of her child, however, is not necessarily unreasonable.[4]

2    Obviously, trial and final resolution of this action should not be unreasonably delayed while

3    Plaintiff's counsel belatedly get their case in order.  Nevertheless, the Court finds that Plaintiff has

4    shown good cause for a limited reopening of discovery to determine the extent to which her lumbar

5    spine condition and symptoms have been exacerbated by her pregnancy and/or childbirth, and the

6    additional medical treatment that Plaintiff has received or will need to receive as a result thereof.

7    Both parties are also entitled to obtain updated expert medical opinions regarding to what extent, if

8    any, the condition of Plaintiff's lumbar spine following pregnancy and childbirth can reasonably be

9    attributed to injuries caused by the August 2009 accident, rather than to her underlying and pre-

10   existing degenerative conditions.

11   In addition to obtaining all relevant medical records and bills, and potentially deposing

12   Plaintiff and Dr. Grover or other treating physicians with respect to her post-childbirth condition,

13   Defendant, if it so desires, is also entitled to an independent medical examination of the Plaintiff

14   with respect to her low back condition, recommended treatment and medical prognosis.  The

15   parties' counsel are hereby directed to meet and confer and submit a revised discovery plan and

16   scheduling order in accordance with the foregoing.

17   ## CONCLUSION

18   Plaintiff has sufficiently demonstrated good cause for the reopening of discovery for the

19   limited purpose of assessing Plaintiff's current lumbar spine condition, treatment needs and

20   prognosis, and the extent to which these matters are attributable to the injuries Plaintiff sustained in

21   the August 9, 2009 accident.  Accordingly,

22   **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Reopen Discovery and

23   Extend Trial Date (#88) is **granted** in accordance with the provisions of this order.

24   . . .

25

26   [4] The Court also recognizes that Plaintiff's low back symptoms following her pregnancy and

27   childbirth may not be causally attributable to the slip and fall accident.  As stated in footnote 3, Ms. Rios
     had significant degenerative conditions of the lumbar spine, including an annular tear and central disc

28   protrusion at L5-S1, that predate the August 2009 accident.

**IT IS FURTHER ORDERED** that the parties shall file a proposed discovery plan and scheduling order on or before **April 21, 2014**.  Upon request by either or both parties, the court will set a discovery conference.

DATED this 11th day of April, 2014.


_____
GEORGE FOLEY, JR.
United States Magistrate Judge

11