1
2
3
4
5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7

8    ABBY RIOS,                              )

9                     Plaintiff,             )          Case No. 2:11-cv-01592-APG-GWF
                                             )
10   vs.                                     )          **ORDER**
                                             )
11   WAL-MART STORES, INC.,                  )
                                             )
12                    Defendant.             )
     _____)

13

14          This matter is before the Court on the Proposed Order Regarding Scope of Trial Testimony

15   of Plaintiff's Physicians (#114), filed on May 15, 2014.  The Court hereby orders as follows:

16          **A.      Scope of Re-opened Discovery and Relevant Trial Testimony.**

17          On April 11, 2014, the Court granted Plaintiff's motion to reopen discovery based on her

18   claim that her pregnancy and child birth, which occurred after discovery closed in this action,

19   aggravated her lumbar spine condition, requiring her to obtain additional medical treatment for her

20   condition and potentially now making her a candidate for further surgery.  Consistent with that

21   order, Plaintiff may present evidence at trial relating to damages allegedly caused by the worsening

22   of her lumbar spine condition due to her pregnancy and child.  Plaintiff must of course also prove

23   that her worsened lumbar spine condition as a result of her pregnancy and child birth is attributable,

24   in whole or in part, to the injuries that she suffered in the subject slip and fall accident.

25          **B.      Dr. Gregory Goetz and Dr. Wassim Madi.**

26          Plaintiff has not demonstrated that it adequately informed Defendant of these doctors as

27   potential witnesses in this action prior to the previous close of discovery.  They, therefore, are not

28   to be called as witnesses at the time of trial.

C.      **Medical Providers Not Disclosed as Experts Pursuant to Fed.R.Civ.Pro. 26(a)(2)(B).**

The following medical providers, who provided treatment or care to the Plaintiff related to her alleged injuries, may testify at trial regarding the medical opinions they formed during the course of their treatment of Plaintiff, including the medical necessity for such treatment, the reasonableness of their charges for such treatment, and whether such treatment was causally related to the injuries Plaintiff allegedly sustained in the subject slip and fall accident based on the history provided to them by Plaintiff or other medical records they reviewed during the course of and relating to their treatment of Plaintiff.  These physicians may not testify as to any separate or additional opinions that they were asked by Plaintiff to render outside the opinions they formed during the scope of their treatment of the Plaintiff:

Andrew M. Cash, M.D.

Leo Germin, M.D.

Jaswinder Grover, M.D.

Gary LaTourette, M.C.

Firooz Mashhood, M.D.

Obteen Nassiri, D.C.

D.      **Dr.  Andrew M. Cash.**

Dr. Cash testified during his deposition that Plaintiff may need surgery in the future, possibly within 15 years.  That opinion is not related to the alleged aggravation of Plaintiff's lumbar spine as a result of her pregnancy and child birth.  Like the earlier opinion of Dr. Grover that Plaintiff may need future surgery at some point in her life, Dr. Cash's opinion is not admissible because Plaintiff failed to include it as part of a computation of a claim for future damages prior to the previous close of discovery.

**IT SO ORDERED.**

DATED this 2nd day of June, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge