1
2
3
4
5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7

8     ABBY RIOS,                                )
                                                )
9                    Plaintiff,                  )        Case No. 2:11-cv-01592-KJD-GWF
                                                )
10    vs.                                        )        **ORDER**
                                                )
11    WAL-MART STORES, INC.,                     )        **Motion to Enforce this Court's**
                                                )        **Prior Orders - #124**
12                   Defendant.                  )
                                                )
13    _____  )

14            This matter is before the Court on Defendant Wal-Mart Stores, Inc.'s Motion to Enforce

15    This Court's Prior Orders (#124).  The Court conducted a hearing in this matter on September 4,

16    2014.

17                      **BACKGROUND AND DISCUSSION**

18            On April 11, 2014, the Court granted Plaintiff's Motion to Reopen Discovery and Extend

19    Trial Date (#88).  *See Order (#107)*.  The Court found good cause to reopen discovery based on

20    developments in Plaintiff's physical and medical condition that occurred after the close of

21    discovery.  Specifically, the Court held that Plaintiff's claim that her low back condition was

22    exacerbated by her subsequent pregnancy and childbirth justified reopening discovery.  The order

23    stated:

24                    [T]he Court finds that Plaintiff has shown good cause for a limited
                      reopening of discovery to determine the extent to which her lumbar
25                    spine condition and symptoms have been exacerbated by her
                      pregnancy and/or childbirth, and the additional medical treatment that
26                    Plaintiff has received or will need to receive as a result thereof.  Both
                      parties are also entitled to obtain updated expert medical opinions
27                    regarding to what extent, if any, the condition of Plaintiff's lumbar
                      spine following pregnancy and childbirth can reasonably be attributed
28

to injuries caused by the August 2009 accident, rather than her underlying and pre-existing degenerative conditions.

In addition to obtaining all relevant medical records and bills, and potentially deposing Plaintiff and Dr. Grover or other treating physicians with respect to her post-childbirth condition, Defendant, if it so desires, is also entitled to an independent medical examination of the Plaintiff with respect to her low back condition, recommended treatment and medical prognosis. The parties' counsel are hereby directed to meet and confer and submit a revised discovery plan and scheduling order in accordance with the foregoing.

*Order (#107)*, pg. 10.

Plaintiff alleges that as result of the exacerbation of her low back condition, she is now disabled from employment. Therefore, after discovery reopened, Plaintiff disclosed an economist/vocational rehabilitation expert witness and is asserting a damages claim in excess of $600,000 for loss of expected earnings from the date she allegedly became disabled due to exacerbation of her low back condition. (Plaintiff is not seeking recovery of lost earnings for the period prior thereto, which claim was not disclosed during the previous discovery period).

Defendant argues that Plaintiff should be precluded from asserting a claim for loss of earnings because it was not contemplated or referenced in Order (#107). The lack of such reference was not because the Court intended to preclude such a damages claim, but rather because the Court was not aware and failed to recognize that such a claim would be made. If, in fact, the exacerbation of Plaintiff's back condition because of pregnancy and childbirth has now rendered her disabled, and such exacerbation can be causally related to the injuries she sustained in the August 2009 accident, then Plaintiff should be allowed to pursue recovery of such damages. Order (#107) did not intend to exclude such damages, just as it did to intend to preclude Plaintiff from recovering general damages for pain and suffering by not mentioning those damages in the order.

Defendant argues that it relied on Order (#107) in not disclosing its own economist or vocational rehabilitation experts, and in not pursuing other discovery relating to the alleged loss of income claim. While such reliance is questionable, Plaintiff does not object to permitting Defendant to disclose such experts or conduct other discovery relating to Plaintiff's loss of income claim. Accordingly,

. . .

2

**IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores, Inc.'s Motion to Enforce This Court's Prior Orders (#124) is **denied** in accordance with the foregoing provisions of this order.

**IT IS FURTHER ORDERED** that on or before **September 12, 2014**, the parties shall submit a proposed stipulation and order for a further extension of the discovery period relating to Plaintiff's loss of income claim.

DATED this 5th day of September, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3