# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ABBY RIOS,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

Case No. 2:11-CV-01592-KJD-CWH

**ORDER**

    Presently before the Court is Defendant's First Motion in Limine (#149). Plaintiff filed a response (#154).

    Defendant seeks to exclude, without opposition, Doctors Goetz and Madi, and Dr. Cash's testimony about potential future surgery. Therefore, the testimony of those witnesses as described in the Court's prior order (#118) is excluded. Carlos Rodriguez, Plaintiff's husband, was properly disclosed in the Second Supplement and may testify as to facts from the date of the pregnancy. Similarly, Doctors Rosler and Ghuman were disclosed in the Second Supplement and may offer testimony as treating physicians, within the limits of <u>Goodman v. Staples</u>, 644 F.3d 817, 821-22 (9th Cir. 2011), as to diagnostic procedures, pain and treatment occurring since the pregnancy. Similarly, the testimony of Doctor Grover and other physicians listed in the order of June 6, 2014 (#118) are limited by <u>Staples</u> and may only testify to the medical opinions formed during the course

of their treatment, including the medical necessity for the treatment, reasonableness of charges for such treatment, whether the treatment was causally related to the injuries Plaintiff allegedly sustained in the subject slip and fall accident based on the history provided to them by Plaintiff or other medical records[1] they reviewed during the course of and relating to their treatment of Plaintiff. Testimony related to future damages is limited to those necessitated by the alleged "pregnancy and childbirth aggravation injury." (Doc. No. 81, 107).

Any expert testimony that has not been previously ruled admissible will be limited. Medical evidence will be severely limited based upon the law of the case and sanctions will be imposed upon counsel for any circumvention or attempted circumvention of those earlier orders. Therefore, Dr. Schneier's testimony is limited in accordance with the Court's April 11, 2014 order (#107) which stated that both parties were entitled to obtain "updated expert medical opinions regarding to what extent, if any, the condition of Plaintiff's lumbar spine following surgery and childbirth can reasonably be attributed to injuries caused by the August 2009 accident, rather than to her underlying and pre-existing degenerative conditions." Of course Dr. Schneier may only testify to those opinions which were disclosed in his report.

Accordingly, IT IS HEREBY ORDERED that Defendant's First Motion in Limine (#149) is **GRANTED in part and DENIED in part**.

DATED this 4th day of September 2015.

_____
Kent J. Dawson
United States District Judge

---

[1] The medical records must be records which were appropriately disclosed to Defendants during the course of discovery and have not been excluded by the orders of this Court, such as Dr. Johnson's medical records which have been excluded.

2