# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ABBY RIOS,

     Plaintiff,

v.

WAL-MART STORES, INC,

     Defendant.

Case No. 2:11-CV-1592-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Motion for Judgment as a Matter of Law (#191). Plaintiff filed a response in opposition (#199) to which Defendant replied (#204/205).[1] Also before the Court is Plaintiff's Countermotion to Strike the Motion for JMOL (#195). Defendant filed a response in opposition (#206) to which Plaintiff replied (#207). The Court has also considered the briefing in Defendant's Motion to Stay Judgment (#187) to which Plaintiff filed a response in opposition (#194).

I. Background

Simply put, this is a slip-and-fall case involving Defendant Wal-Mart. The key issue at trial was whether Defendant had notice, actual or constructive, of a foreign substance on the floor which

---

[1]Defendant's unopposed Motion to Withdraw (#203) the reply (#202) to the opposition filed on October 28, 2015 is hereby **GRANTED**.

1  caused Plaintiff to fall and caused her subsequent injuries. During the trial, it became clear to the

2  Court that one of the crucial issues was how long the substance had been on the floor. The Court

3  raised that issue with the parties prior to Defendant making a motion under Federal Rule of Civil

4  Procedure ("Rule") 50(a). <u>See</u> Partial Transcript, Document No. 190, p. 3-11. The Court suggested

5  that a special verdict would be necessary in which the jury determined what amount of time the

6  foreign substance had been on the floor. <u>Id.</u> Eventually, the Court and parties settled on a special

7  verdict that asked first: "How long do you conclude the substance was on the floor?" <u>Jury Verdict</u>,

8  Docket No. 184, p.1, l. 13-14. That question was followed by questions on Defendant's negligence,

9  causation of damages and the total amount of damages by category. Initially, the Court told

10 Defendants that they would have to file a motion under Rule 50(a) and mused that the Court may

11 delay ruling on the motion until it determined whether the jury's answers on the special verdict

12 eliminated need for its consideration.  Defendant did not raise the issue of its motion under Rule50(a)

13 until after closing arguments and after the case had been submitted to the jury. <u>See</u> Transcript

14 (Partial) of Proceedings, Docket No. 186, p. 7-9.

15        In response to Question 1 posed by the Court on the Verdict (#184), the Jury found that the

16 foreign substance had been on the floor for only 2 minutes and 12 seconds.  In response to the second

17 question, "Was defendant Wal-mart negligent?", the Jury answered "Yes."  Now, the parties have

18 filed the present motions disputing whether sufficient evidence supports the juries verdict and

19 whether Defendant filed a timely Rule 50(a) motion. The Court finds that the answer to the questions

20 in its special verdict were inconsistent and the Court must vacate the Judgment in Plaintiff's favor

21 based on the Court's duties arising under Rule 49.

22 <u>II. Analysis</u>

23        <u>A.  Motions arising under Rule 49 and 50</u>

24        Generally, the Ninth Circuit adheres, strictly, "to the requirements of Rule 50(b), which

25 prohibit a party from moving for judgment as a matter of law after the jury's verdict unless that

26 motion was first presented at the close of evidence." <u>Image Tech. Servs., Inc. v. Eastman Kodak Co.</u>,

1    125 F.3d. 195, 1212 (9th Cir. 1997); <u>see also</u> <u>Janes v. Wal-Mart Stores Inc.</u>, 279 F.3d 883, 887 (9th

2    Cir. 2002). If a party fails to make a motion for judgment as a matter of law ("JMOL") under Rule

3    50(a) before the case is submitted to the jury, "a party cannot question the sufficiency of the evidence

4    . . . before the district court[.]" <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1459 (9th Cir.

5    1988) *vacated on other grounds by* 490 U.S. 1087 (1989).

6         However, "[w]hen a special verdict does not support a judgment a reviewing court may make

7    an exception to the Rule 50(b) requirement of a motion for a directed verdict as a prerequisite to a

8    motion for [judgment as a matter of law]." <u>Pierce v. S. Pacific Transp. Co.</u>, 823 F.2d 1366, 1369 (9th

9    Cir. 1987). "Similarly, when a jury's answers are irreconcilably inconsistent, a reviewing court may

10   review whether the answers support the judgment even in the absence of either a motion for directed

11   verdict or a motion for [judgment as a matter of law]." <u>Id.</u> "[W]hen the challenge is to the

12   consistency of the answers under a Rule 49(a) special verdict, and not to the sufficiency of the

13   evidence supporting a general verdict," no motion under Rule 50(a) is required as a prerequisite. <u>Id.</u>

14        Here, Plaintiff has opposed Defendant's motions to stay the judgment and for judgment as a

15   matter of law in addition to moving to strike the motion for judgment as a matter of law. Plaintiff is

16   certainly correct about one issue. Defendant failed to make a timely motion for directed verdict, or

17   judgment as matter of law under Rule 50(a). The mention of the issue, after closing arguments while

18   the Court discussed the labeling of exhibits to be delivered to the jury, happened after the case had

19   been submitted to the jury. "[A] motion must be made before the judge submits the case to the jury."

20   <u>Tortu v. Las Vegas Metro. Police Dept.</u>, 556 F.3d 1075, 1083 (9th Cir. 2009).  Therefore, any motion

21   under Rule 50(b) challenging the sufficiency of the evidence is precluded.

22        However, the Court clearly anticipated that issues would arise under the Rule 49(a) special

23   verdict and told Defendant that it would have to "write it up." The Court construes Defendant's

24   motions as arising under Rule 49(a) as anticipated. The Court does note that Defendant consistently

25   conflates the issues and clearly believed that it also had grounds to move under Rule 50(b).

26

3

1    In this case, judgment was entered in accordance with a special verdict. The motion for

2    JMOL does allege inconsistencies in the answers given in the special verdict. "When a special

3    verdict does not support a judgment, a . . . court may make an exception to the Rule 50(b)

4    requirement of a motion for directed verdict as a prerequisite to a motion for JNOV." Pierce, 823

5    F.2d at 1369.  Further, Defendant need not have objected to the special verdict before discharge of

6    the jury to preserve its objections. See id. at 1370. Accordingly, Defendant properly filed a motion to

7    resolve the inconsistent answers. Thus, the Court denies Plaintiff's motion to strike Defendant's

8    motion for judgment as a matter of law.

9    B. Inconsistency between Answers to Question 1 and Question 2

10    In response to Question 1 of the Verdict, the jury concluded that the foreign substance had

11    been on the floor for two (2) minutes and twelve (12) seconds. In response to Question 2, the jury

12    responded that, "Yes", Defendant Wal-Mart was negligent. The inconsistency between these two

13    answers is that there was no negligent act by Wal-Mart that led to the spill nor a negligent act in the 2

14    minutes and 12 seconds between the spill and Plaintiff's fall that led to her injuries.

15    Under Nevada law, Plaintiff was required to prove the following essential elements to prevail

16    on its claim for negligence: (1) duty; (2) breach of duty; (3) causation; and (4) damages. See Perez v.

17    Las Vegas Med. Ctr., 805 P.2d 589, 590-91 (Nev. 1991).  Essential to establishing that Defendant

18    breached its duty of care, Plaintiff was required to prove either: (1) that Wal-Mart created the

19    hazardous condition, or (2) than an employee or agent of Wal-Mart knew of the hazardous condition

20    prior to Plaintiff's incident. See Eldorado Club, Inc. v. Graff, 377 P.2d 174-175 (Nev. 1962).

21    Alternatively, Plaintiff could prove constructive notice through evidence that the foreign substance

22    was on the floor for an unreasonable length of time before the incident such that Wal-Mart should

23    have known about it.  See id. at 511 ("It would be grossly unfair to demand immediate awareness of

24    new peril").

25    There is no evidence in this case from which a reasonable jury could infer that Wal-Mart had

26    either actual notice of the foreign substance or constructive notice of the substance on the floor. The

4

aisle was inspected twenty-two (22) to twenty-four (24) seconds *before* the time the jury found the substance was spilled on the floor. The aisle was not swept because it was blocked by customers or carts in the aisle.

In response, Plaintiff asserts that Wagner, the employee conducting the safety sweep, should have come back to sweep the aisle in question at a later time. Even assuming that was the proper procedure,[2] the testimony adduced at trial was that the employee had the discretion on how to sweep an aisle based on customer volume, number of aisles to be swept, the time of day, amount of debris and other factors. Speculation regarding what Defendant should have done or could have done, how long it would take and whether it would have prevented, in a matter of seconds, Plaintiff's slip and fall, does not meet her burden in establishing negligence by a preponderance of the evidence. This is where the inconsistency in the juries' answers to the questions arises. Having found that the foreign substance was on the floor for only 2 minutes and 12 seconds before Plaintiff fell, the jury could not conclude that Wal-Mart's negligence led to her injuries without evidence that Wal-Mart knew of the spill or should have known of the spill. There was simply no evidence from which the jury could conclude that Wal-Mart knew or should have known of the foreign substance on the floor. Assuming that Plaintiff is correct, and Wagner did not even look down the aisle, his failure to do so did not cause Plaintiff's injuries, because had he looked down the aisle, he would have seen nothing, because the foreign substance was not yet there.

Faced with this inconsistency, Plaintiff also asserts that Defendant made a judicial admission during closing arguments that if the substance had been on the floor longer than two (2) minutes then Defendant was liable. Defendant made no such admission. Defendant did make the argument that about two minutes would have been an unreasonable time to expect them to discover the substance and act upon that discovery. Defendant used the term "two minutes" generally and did not argue that

---

[2]The Court ruled during trial that "nonadherence to sufficient policies" would not be enough to inculpate Defendant. See McConnell v. Wal-Mart Stores, Inc., 995 F. Supp.2d 1164, 1169 (D. Nev. 2014). Additionally, Plaintiff adduced no evidence of industry standards or policies.

5

1   longer than two minutes was negligent. To any extent that Plaintiff argues that Defendant made a

2   judicial admission, the Court disagrees.

3          Accordingly, because the answers to the questions in the verdict were inconsistent, the Court

4   concludes that the jury erred in determining that Wal-Mart was negligent. Even if the jury was

5   correct in determining that Wal-Mart was negligent, there was no evidence from which the jury could

6   conclude that the negligence caused Plaintiff's injuries. Therefore, as a matter of law, the Court

7   vacates the Judgment (#183) and directs the Clerk of the Court to enter judgment for Defendant and

8   against Plaintiff.

9   III. Conclusion

10          Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Stay Judgment (#187)

11   is **DENIED as moot**;

12          IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney's Fees (#189) is **DENIED**

13   **as moot**;

14          IT IS FURTHER ORDERED that Defendant's Motion for Judgment as a Matter of Law

15   (#191) is **GRANTED**;

16          IT IS FURTHER ORDERED that Plaintiff's Countermotion to Strike (#195) is **DENIED**;

17          IT IS FURTHER ORDERED that Defendant's Motion to Withdraw (#203) is **GRANTED**;

18          IT IS FURTHER ORDERED that the Clerk of the Court **VACATE** Judgment (#183);

19          IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant

20   and against Plaintiff.

21          DATED this 29th day of September 2016.

22

23

24          _____

25          Kent J. Dawson
            United States District Judge

26

6