# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABBY RIOS, | Case No. 2:11-cv-01592-KJD-GWF |
| Plaintiff, | ORDER |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation; | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion to Adjudicate Attorney's Fee Lien (#249). Plaintiff's former counsel, Liborious Agwara ("Agwara") filed a response in opposition (#254) to which Plaintiff replied (#256).

Also before the Court is Plaintiff's Motion to Dismiss Liborious Agwara, Esq.'s Complaint in Interpleader (#253). Liborious Agwara filed a response in opposition (#258) to which Plaintiff replied (#259).

Finally before the Court is Liborious Agwara's Motion to Remand to State Court (#257). Plaintiff filed a response in opposition (#260) to which Agwara replied (#261).

## I. Procedural Background

On or about August 14, 2009, Plaintiff Abby Rios slipped and fell at Defendant's Wal-Mart store. As result of her fall, Rios suffered injuries. Agwara claims to have "supervised and directed Ms. Rios' medical treatment in accordance with her injuries and/or complaints of pain" beginning in August 2009. Thus, began a long and tortured representation of Plaintiff documented in the Court's Order (#107) in which the magistrate judge granted Plaintiff's emergency motion to reopen discovery and extend trial date. In that order, the Court noted that Plaintiff had withheld evidence of prior spinal injury and evidence of a need for future spinal

surgery which resulted in an order limiting what evidence could be produced at trial. Further the Court noted that counsel was belatedly attempting to get the case in order before trial.

On or about August 19, 2009, Agwara and Plaintiff executed a contingency fee agreement that provided a forty percent (40%) contingent fee for litigation concluded after post-trial motions or appeals. If the client were to terminate Agwara's services then Plaintiff agreed to pay a reasonable fee for work performed and expenses. Agwara did not file suit until June 29, 2011. He barely survived a motion for summary judgment in an Order (#38) entered October 5, 2012. Plaintiff then took no action of record for six (6) months even though the scheduling order required counsel to file a Proposed Joint Pre-trial Order within thirty (30) days of the order on summary judgment (during this delay created by Plaintiff's counsel, one of Plaintiff's treating physicians and expert witnesses died). Additionally, as trial approached on October 21, 2013, Plaintiff was forced to seek a "short" (four month) trial continuance because counsel had left the country for a family emergency (his father had passed away six months previously). The motion was filed shortly after Defendant's motion to exclude evidence of damages that had not been disclosed by Plaintiff.

Perhaps frustrated by the constant delays and mismanagement of her case, Plaintiff discharged Agwara and substituted current counsel on February 12, 2014. On or about February 13, 2014, Agwara filed Notice of Attorney Lien on Plaintiff Rios by serving her current counsel. Agwara also served Notice on Wal-mart by serving its counsel. At no time has Agwara filed a motion to adjudicate that attorney's lien.

On September 18, 2015, Plaintiff prevailed at trial. The Court later granted Defendant's Motion for Judgment as a Matter of Law vacating the verdict. However, Plaintiff prevailed on appeal and Judgment (#247) was entered on November 21, 2018. Satisfaction of Judgment was filed on December 11, 2018. Though Agwara had no funds to deposit in the court's registry, on December 26, 2018, he filed a complaint in interpleader ("the interpleader action") in state court naming as defendants Plaintiff Abby Rios, her counsel--the law firm of Black & Lobello, and presumably all the medical providers to whom Agwara had referred Rios when he was still supervising and directing Rios' medical treatment.

Plaintiff filed Notice of Removal on January 4, 2019, removing the interpleader action in accordance with the Court's ancillary jurisdiction over the attorney's lien.[1] Plaintiff then filed a Motion to Adjudicate Attorney's Lien (#253) on January 15, 2019. Plaintiff asserts that all medical lien holders have been paid which has not been controverted by Agwara. Further, no defendant in the interpleader has made an appearance other than Rios, who filed a motion to dismiss. It appears that only Agwara's attorney's lien remains to be litigated.

II. Analysis

    A. Motion to Adjudicate Attorney's Lien

In the present action, Agwara filed notice of what is typically referred to as a charging lien. See Leventhal v. Black & LoBello, 305 P.3d 907, 909 (Nev. 2013). "A charging lien is 'a unique method of protecting attorneys'". Id. (quoting Sowder v. Sowder, 977 P.2d 1034, 1037 (N.M.Ct.App.1999)). A charging lien allows an attorney, on motion in the case in which the attorney rendered the services, to obtain and enforce a lien for fees due for services rendered in the case. See Argentena Consol. Mining Co. v Jolley Urga Wirth Woodbury & Standish, 216 P.3d 779, 782 (Nev. 2009). The lien "is not dependent on possession, as in the case of the general or retaining lien. It is based on natural equity—the client should not be allowed to appropriate the whole of the judgment without paying for the services of the attorney who obtained it." 23 *Williston on Contracts* § 62:11 (4th ed. 2002).

While the lien is based on equity, in Nevada it is enforceable by statute. Leventhal, 305 P.3d at 909; Nev. Rev. Stat. § 18.015. The statute requires four actions before a court can adjudicate and enforce the lien. First, there must be a "claim, demand or cause of action, ... which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted." NRS 18.015(1). The parties agree that this requirement has been met. The lien is the amount of the agreed-upon fee or, if none has been agreed upon, a

---

[1] District courts have ancillary jurisdiction over fee disputes generated by an attorney's withdrawal. See, e.g., Curry v. Del Priore, 941 F.2d 730, 731 (9th Cir. 1991). "Determining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction." Federal Sav. & Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1041 (9th Cir. 2004) (quoting Jenkins v. Weinshienk, 670 F.2d 915, 919 (10th Cir. 1982)).

reasonable amount for the services rendered "on account of the suit, claim, demand or action." NRS 18.015(1). Here, the contingency fee agreement requires Rios to pay a reasonable fee upon termination of Agwara.

Second, the attorney must perfect the lien by serving "notice in writing, in person or by certified mail, return receipt requested, upon his or her client and upon the party against whom the client has a cause of action, claiming the lien and stating the interest which the attorney has in any cause of action." NRS 18.015(2). Here, Rios argues that she was not personally served as required by statute. However, the general rule has always been that service on a parties' designated agent, in this case Black & Lobello, is service on the party. See Cohen v. Gold, 2018 WL 1308945, *3 (D. Nev. March 12, 2018); Bingham & Snow Nevada, PC, 2015 WL 4172342, *1-2, n.1 (Nev. July 9, 2015)(*unpublished disposition*, but recognizing that the Nevada Supreme Court has declined to directly address this issue). Both Rios and Defendant Wal-Mart were served with the lien by certified mail as required by the statute.

Third, the statute sets a timing requirement: Once perfected, the "lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section." NRS 18.015(3). Here, the lien was served in 2014, four years before the verdict and judgment, satisfying the statute.

Finally, fourth, the attorney must timely file and properly serve a motion to adjudicate the lien. NRS 18.015(4). Here, Plaintiff Rios filed the motion to adjudicate the attorney's lien. The statute allows any party who has been served notice of the lien to file a motion to adjudicate the lien. NRS 18.015(6). Thus, the statutory requirements have been met and the attorney's lien is ripe for adjudication. The briefing has raised factual issues regarding the reasonableness and accuracy of the attorney's fees sought and an evidentiary hearing will be set by separate order.

B. Complaint in Interpleader

Generally speaking, Nevada Rule of Civil Procedure 22, Interpleader, allows a plaintiff to join as defendants any number of persons that may have claims against the plaintiff when the claims may subject plaintiff to double or multiple liability. Typically, interpleader actions,

involve a "stakeholder" who deposits funds with the court allowing the named defendants to litigate right or priority to the funds. See Michel v. Eighth Judicial Dist. Court, 17 P.3d 1003, 1007 n.4 (Nev. 2001). Nevada allows a stakeholder to interplead that also claims an interest in funds. Id. When an attorney holds funds in trust for the client and two or more parties claim an interest in the funds, an interpleader action is an appropriate procedure for determining the rights of the respective parties, because "logic dictates that the interpleader cannot protect the interpleading plaintiff from liability arising out of disputed funds that were not covered by the adjudication." Id.

The interpleader action filed by Agwara in state court is problematic, however, because Agwara had no funds to deposit into the registry of the state court. If Agwara had the funds in his trust account, then filing the interpleader would have been appropriate. See Golightly & Vannah, 373 P.3d 103, 106 (Nev. 2016) (stakeholder attorney need not deposit funds with court if the funds are kept in attorney's trust account). Thus, Plaintiff's action in invoking the ancillary jurisdiction of the court by removing the interpleader to the court with authority over the funds in Black & LoBello's trust account was the most efficient means of resolving the issue. See Id. (allowing attorney to keep funds in trust account allows maximum efficiency). Accordingly, the Court denies Agwara's motion to remand.

Further, Local Rule 22-1 requires the plaintiff in an interpleader action to file a motion requesting a scheduling conference within thirty days after the first defendant "answers or otherwise appears." Failure to prosecute by failing to file the motion is grounds for dismissal. Agwara had thirty days after Rios' notice of removal to file his motion and failed to do so. Therefore, the interpleader action is dismissed.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Adjudicate Attorney's Fee Lien (#249) is **GRANTED**;

IT IS FURTHER ORDERED Liborious Agwara's Motion to Remand to State Court (#257) is **DENIED;**

*///*

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Liborious Agwara, Esq.'s Complaint in Interpleader (#253) is **GRANTED due to Agwara's failure to comply with Local Rule 22-1**.

DATED this 18th day of September 2019.

                                                  Kent J. Dawson
                                                  United States District Judge