UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABBY RIOS, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC, <br><br> Defendant. | Case No. 2:11-cv-01592-KJD-GWF <br><br> ORDER |

On September 18, 2019, the Court granted (#264) Plaintiff's Motion to Adjudicate Attorney Lien. An evidentiary hearing was held on October 8, 2019 to determine the proper amount of the lien. The lien is the amount of the agreed-upon fee or, if none has been agreed upon, a reasonable amount for the services rendered "on account of the suit, claim, demand or action." NRS 18.015(1). Here, the contingency fee agreement requires Rios to pay a reasonable fee upon termination of Agwara.

Analysis

Agwara sought a lien amount of $125,000.00 in attorneys' fees and costs of $9,300.28. Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. See, e.g., Camacho v. Bridgeport Fin'l, Inc., 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. See Cunningham v. County of Los Angeles, 879 F.2d 481, 488 (9th Cir. 1988).

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. See, e.g., Marrocco v. Hill, 291 F.R.D. 586, 588

(D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." Prison Legal News v. Schwarzenegger, 608 F.3d 446, 453 (9th Cir. 2010) (quoting Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. See Camacho, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. See, *e.g.*, Hensley, 461 U.S. at 433; Cruz v. Alhambra School Dist., 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent).

Here, the calculation of the lodestar amount is made particularly difficult by the fact that Agwara did not maintain any time-keeping records. He instructed his associates not to track time spent on cases or clients. Thus, the approximately 319 hours submitted by Agwara as a reasonable time spent on this case are his estimation of the time spent. The Court would be well within its discretion to deny Agwara a fee due to his failure to comply with the Local Rules that require motions seeking attorneys' fees to be accompanied by itemization of time and description of work performed. See Nationstar Mortg., LLC v. Desert Shores Cmty., 2017 WL 1788682 *3 (D. Nev. January 13, 2017); Local Rule 54-14 (b); Fed. R. Civ. Pr. 54. However, the Court recognizes that Agwara did provide valuable service to his client that kept the case alive, though it was different counsel that argued the procedural motions that re-opened discovery on damages, prevailed at trial and again on appeal.

Therefore, in order to determine a reasonable number of hours claimed by the movant, in absence of itemized records, the Court refers to the docket and testimony provided at the evidentiary hearing to determine a reasonable number of hours spent in the prosecution of the claims (discarding time spent on duplicative, excessive, unnecessary or incompetent work). The Court awards fees for the hours noted in the following chart:

///

///

| Entry | Docket No. | Hours Awarded |
|---|---|---|
| Complaint (Notice of Removal) | 1 | 8.0 |
| Certificate of Interested Parties | 5 | 1.0 |
| Motion to Extend Discovery | 12 | 1.0 |
| Opposition to the Motion for Discovery Sanctions / Counter-motion to Disqualify Defendant's Counsel | 24/25 | 2.0 |
| Opposition to the Motion for Summary Judgment | 28 | 6.0 |
| Hearing on Motions 24/25 | 33 | 1.5 |
| Pre-trial Order | 48 | 4.0 |
| Settlement Conference | 58 | 4.0 |
| Plaintiff's Motion in Limine and Opposition to Defendant's | 59/70/71 | 4.0 |
| Plaintiff's Emergency Motion to Continue | 63 | 2.0 |
| Opposition to Defendant's Motion for Spoliation Sanctions | 87 | 2.0 |
| Motion to Reopen Discovery | 88 | 4.0 |
| Deposition of Rosler | | .25 |
| Deposition of Cash | | .25 |
| Deposition of Grover | | .25 |
| Deposition of Rios | | 4.0 |
| Deposition of Roa | | 1.25 |
| Deposition of Wagner | | 1.50 |
| Preparation and travel time | | 10.0 |
| | **TOTAL HOURS** | 57.0 |

1 | Accordingly, the Court finds that the reasonable amount of time charged for hours actually worked on the case to total fifty-seven (57) hours. See Nationstar Mortg., at *2 (D. Nev. January 13, 2017) (an attorney's withdrawal from a case does not justify non-payment for reasonable hours actually worked).

Counsel seeks an award based on a billing rate of $395.00 per hour. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. Cohen v. Gold, 2018 WL 1308945 *6 (D. Nev. March 12, 2018) (citing Camacho v. Bridgeport Fin'l, Inc., 523 F.3d 973, 980 (9th Cir. 2008)). Here, Agwara has failed to meet his burden. First, he justifies the billing rate based on his status as a senior partner of $450.00 per hour. However, he is unable to specify which hours he worked on the case. While the record does justify some of the hours, he did not work on substantial portions of the case. For example, the deposition of Plaintiff Rios was handled by attorney, Naomi Arin. Further, the record establishes and Agwara admits that a now deceased associate, George Maglares, alone worked on the case for a year such that when Maglares left the firm on eve of trial, Agwara was forced to seek a continuance because he was unprepared to handle the trial.

Further, the generally accepted billing rate for associates in this district is $250.00 per hour. See Cohen, 2018 WL 1308945 at *7 (case law establishes that the prevailing hourly rates in this district are $250.00 for experienced associates) (citing Sinayan v. Luxury Suites Int'l, LLC, 2016 WL 4394484 (D. Nev. Aug 17, 2016) (collecting cases)). Accordingly, given the state of Agwara's records, a modified billing rate of $300.00 per hour compensates for the division of hours between Agwara and associates. Therefore, the Court awards attorneys' fees in the amount of $17,100.00. In addition, Agwara seeks costs in the amount of $9,300.28. The Court finds that Plaintiff has met his burden in establishing reasonable costs in the amount of $9,300.28.

///
///
///
///

Conclusion

Accordingly, IT IS HEREBY ORDERED that Liborious Agwara's attorney's lien is adjudicated in the amount of $26,400.28.

Dated this 28th day of February, 2020.

                                                Kent J. Dawson
                                                United States District Judge