UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABBY RIOS,<br><br>　　　　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>LIBORIOUS AGWARA, Esquire,<br><br>　　　　　　　　　Appellee,<br><br>　　　　　　　　　and<br><br>WAL-MART STORES, INC.<br>　　　　　　　　　Defendant | Case No. 2:11-cv-01592-KJD-CWH<br><br>Ninth Circuit App. No. 20-15701<br><br>ORDER |

　　　Presently before the Court is Plaintiff/Appellant Abby Rios's Motion to Stay Execution of Order (#276). Appellee Liborious Agwara filed a response in opposition (#281) to which Appellant replied (#283). Also, before the Court is Agwara's Emergency Motion for Order Directing Plaintiff's Counsel to Deposit Attorney's Lien Funds with Court (#286). Appellant filed a response in opposition (#287) to which Agwara replied (#288).

　　　"A stay is not a matter of right.... It is instead 'an exercise of judicial discretion' ... [that] 'is dependent upon the circumstances of the particular case.' " Nken v. Holder, 556 U.S. 418, 433 (2009) (internal citations omitted) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)). Judicial discretion in exercising a stay is guided by the following four factor analysis: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." Id. at 433–34.  The first two

factors are the most critical.

Here, the Court finds that the factors counsel in favor of granting a stay. First, Appellant has made a strong showing of likelihood of success on the merits. First, Agwara has done little to show that he is likely to succeed on the merits of his appeal. Second, Agwara is unlikely to get to the merits of his appeal, because he has been barred from the practice of law but filed the appeal on behalf of the business entity to which the judgment was awarded. Agwara has not made a strong showing that he will survive the pending motion to dismiss at the Court of Appeals. The second factor neither counsels in favor of or against granting a stay because money damages are available. Third, because Appellant is willing to post a bond Agwara faces little danger of injury. Finally, the public interest lies in preserving the assets at issue for award upon resolution of the cross-appeals.

Therefore, the Court grants Appellants motion for stay of judgment pending appeal. Appellant is ordered to either post a bond in the amount of the judgment or deposit the full amount of the award on the attorney's lien, $26,400.28 (#268) with the Clerk of the Court within fourteen (14) days of the entry of this order. Grant of the stay and posting of the bond or deposit with the registry of the court makes Agwara's emergency motion moot.

Accordingly, IT IS HEREBY ORDERED that Plaintiff/Appellant Abby Rios's Motion to Stay Execution of Order (#276) is **GRANTED**;

IT IS FURTHER ORDERED that Appellant post a bond in the amount of $26,400.28 or deposit the full amount with the Clerk of the Court within fourteen (14) days of the entry of this order;

IT IS FINALLY ORDERED that Agwara's Emergency Motion for Order Directing Plaintiff's Counsel to Deposit Attorney's Lien Funds with Court (#286) is **DENIED as moot**.

Dated this 11th day of January, 2021.

Kent J. Dawson
United States District Judge